**Harjeet KAUR, et al., Petitioners,**

**v.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–74345.

Agency Nos. A79–589–589, A79–589–590, A79–589–591, A79–589–592.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 10, 2005.

Paul Puri, Puri & Walia, San Francisco, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, William Campbell Erb, Jr., Attorney, U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM***

Harjeet Kaur, a native and citizen of India, and her three children, Reema Bedi, Joyjeet Singh Bedi, and Reecha Bedi, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding. The IJ offered specific, cogent reasons for her findings based on an inconsistency between Kaur's testimony that Muslim militants kidnaped her husband in India in 1999 and that she never saw or communicated with him

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

again and documents submitted by the government at the hearing which show that her husband entered the United States three times after 1999 and listed Kaur's address in the United States as his intended address. *See id.* at 1043.

Because Kaur failed to show that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

In addition, substantial evidence also supports the denial of relief under CAT. *See id.* at 1157.

**PETITION DENIED.**